IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Regina Prioleau, | ) | Case No. 5:24-cv-01171-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Officer Jermaine Wallace, Holly Hill Police Department, Town of Holly Hill, Orangeburg County Sheriff's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on motions to dismiss and to strike filed by Defendants Holly Hill Police Department, Town of Holly Hill, and Orangeburg County Sheriff's Office ("OCSO") and on a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 20; 21; 24; 25; 45.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On May 24, 2024, the Magistrate Judge issued a Report recommending that the motions to dismiss and to strike be granted and that the case be dismissed in full.[*] [Doc. 45.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing

---

[*] Although Defendant Officer Jermaine Wallace did not join in any of the motions of the other Defendants, the Magistrate Judge determined that the case should be dismissed *in full* because "'the face of the complaint plainly fails to state a claim for relief.'" [Doc. 45 at 12 n.9 (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006)).]

objections to the Report and the serious consequences if she failed to do. [*Id.* at 13.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the motions to dismiss and to strike [Docs. 20; 21; 24; 25] are GRANTED and this action is DISMISSED in full with prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>
United States District Judge

Columbia, South Carolina
July 15, 2024